UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICK DELICES,

        Plaintiff,

   v.

        Case No. 18-cv-1839-pp

BOARD OF REGENTS, UNIVERSITY
OF WISCONSIN SYSTEM, *et al.*,

        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 14), ORDERING MARSHAL TO SERVE COMPLAINT AND ORDERING DEFENDANTS TO RESPOND**

---

On November 13, 2017, the plaintiff, representing himself, filed a complaint against the Board of Regents of the University of Wisconsin and others in the Southern District of New York. Dkt. No. 2. The plaintiff also filed an application to proceed without prepaying fees or costs. Dkt. No. 1. One year later, the Southern District of New York transferred the case to this court under 28 U.S.C. §1406(a). Dkt. No. 10.

Several months after the case was transferred here, the plaintiff filed a motion titled "Application for the Appointment of Counsel from the Pro Bono Civil Panel." Dkt. No. 14. In the first paragraph of the four-page motion, the plaintiff asks the court to appoint counsel "from the pro bono civil panel in accordance with local rule No. 83.11(b)(3)" and 28 U.S.C. §1915(e)(1). Id. at 1.

1

Because of the court's case load and trial schedule, it did not act on this motion as quickly as it would have liked.

The plaintiff states in the motion that he has reviewed "this Court's standing order and the local rules," and says that it would be "impracticable, if not impossible" for him to follow them. Dkt. No. 14 at 1. The court notes that if the plaintiff actually had reviewed this court's local rules, he could know that the Eastern District of Wisconsin has no "local rule No. 83.11(b)(3)."

There is no constitutional right to counsel in civil cases, although Congress has given district courts discretion to appoint attorneys for litigants who cannot afford them. 28 U.S.C. §1915(e)(1); <u>Pennewell v. Parish</u>, 923 F.3d 486, 490 (7th Cir. 2019). The court does not have funds to pay a lawyer for every civil plaintiff who asks for one, and there are not enough volunteer lawyers to represent every civil party who asks for one. For this reason, the court grants motions to appoint counsel only in very limited situations.

In this district, the plaintiff must demonstrate that he has made reasonable efforts to hire counsel on his own before the court will consider a request to appoint. <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007). He can demonstrate this by submitting the names of at least three lawyers he has contacted, along with any responses from those lawyers declining to represent the plaintiff. If a plaintiff demonstrates that he has made those efforts, the court will decide "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it." <u>Navejar</u>, 718 F.3d at 696 (citing <u>Pruitt</u>, 503 F.3d at 655). To make this

determination, the court looks at whether the plaintiff can competently present his case. Pennewell, 923 F.3d at 490 (quoting Pruitt, 503 F.3d at 654). The "question is not whether the pro se litigant would be as effective as a lawyer, but rather whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a lay person to coherently litigate the case." Id. The court must consider whether the plaintiff can gather evidence, prepare court filings, respond to court filings, respond to motions and navigate discovery. Id.

In his motion, the plaintiff states that he has "diligently contacted the following law firms seeking pro bono counsel for this case." Dkt. No. 14 at 3. The only "law firm" he lists is the American Civil Liberties Union. Id. He states that "Private Attorneys . . . were apprised of the case and would not give advice or suggestions for representation," but he does not name those attorneys or provide any proof that he contacted them or that they rejected his case. The plaintiff has not complied with the first Pruitt requirement, and he must do so before the court will consider appointing counsel.

The court notes that as to his ability to represent himself, the plaintiff asserts that he lives in New York, "making normal court appearances impossible for the Plaintiff for he has no money to pay an out of state lawyer and no money to travel." Dkt. No. 14 at 2. There are few in-person hearings in the early stages of a civil case. The court allows parties to appear for necessary hearings by telephone. The plaintiff asserts that even though his claims "have been found meritorious on their face," he thinks it unlikely he can successfully

prosecute them himself because he doesn't know which burdens of proof apply to which claims. Id. at 1. At this early stage, the plaintiff does not need to know the burdens of proof for his claims—that issue arises later, at summary judgment or at trial. The plaintiff says that he is not a lawyer. Id. at 2. The court acknowledges that it is harder for non-lawyers to prosecute lawsuits. But this plaintiff, in contrast to many other *pro se* litigants the court sees, clearly is educated and articulate. He writes clearly and well (if too much). The plaintiff says that he knows most civil cases don't go to trial, and he opines that a lawyer would be better situated to negotiate a good settlement for him. Id. He may be right—it's hard to know—but at this early stage, it is premature to talk about negotiating settlement. Finally, the plaintiff says that he doesn't have the money to hire a lawyer. Id. The court has no reason to doubt that. But that, standing alone, is not a sufficient reason for the court to appoint counsel at this early stage.

     The next step in the process is for the court to have the plaintiff's amended complaint (filed January 12, 2018) served on the defendants. The defendants then have an opportunity to answer or otherwise respond to the complaint. If the defendants answer the complaint, the court will issue a scheduling order, setting deadlines for the parties to exchange discovery and file motions. The defendants may elect to file a "dispositive" motion, such as a motion to dismiss, instead of answering the complaint. If they do, the court will give the plaintiff an opportunity to respond. Until the defendants respond, there is nothing further for the plaintiff to do.

The court will deny the plaintiff's motion to appoint counsel without prejudice. If the case reaches a point where the plaintiff is not capable of handling the necessary duties himself, the plaintiff may renew his motion (and attach proof that he has tried to retain counsel on his own.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 14.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on defendants the Board of Regents of the University of Wisconsin System, the University of Wisconsin-Milwaukee, Dr. Jeffrey Sommers, Anika Wilson, Marija Gajdardziska-Josifovska and Johannes Britz under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshal Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshal Service, it has not made any provision for either the court or the U.S. Marshal Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshal will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants the Board of Regents of the University of Wisconsin System, the University of Wisconsin-Milwaukee, Dr. Jeffrey

Sommers, Anika Wilson, Marija Gajdardziska-Josifovska and Johannes Britz to file a responsive pleading to the complaint.

Dated in Milwaukee, Wisconsin this 9th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**